**Reversed and Rendered and Opinion filed January 21, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00075-CR

**RODNEY LEE ROOT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1606631**

## OPINION

Appellant Rodney Lee Root appeals his conviction for failure to comply with a sex offender registration requirement. In two issues, Appellant contends (1) the trial court "reversibly erred in overruling [his] objection that a constructive amendment/variance had been established at the end of trial"; and (2) the evidence is legally insufficient to support his conviction. We reverse and render a judgment of acquittal.

BACKGROUND

Appellant was convicted of possession of child pornography in 2009, which subjected him to registration as a sex offender under article 62.102 of the Texas Code of Criminal Procedure for his lifetime. *See* Tex. Code Crim. Proc. Ann. arts. 62.101(a)(2), 62.102. In September 2018, the State charged Appellant by indictment with failure to register as a sex offender by failing to disclose his establishment of an online identifier. *See* Tex. Code Crim. Proc. Ann. arts. 62.102(a), 62.051(a), (f). The indictment alleged that:

- Appellant on or about August 5, 2015,

- unlawfully, while Appellant had a reportable conviction for the offense of possession of child pornography,

- and while knowing that he was subject to registration under the Texas sex offender registration program,

- and after not having provided the identification of an online identifier established or used by Appellant on the registration form,

- failed to timely report in person to the local law enforcement agency, namely, the City of Houston Police Department, and provide the online identifier that Appellant established, namely RodRoot69@gmail.com,

- by failing to provide said information to said local law enforcement agency,

- within seven days after Appellant's release from the penal institution.

A three-day trial was held in January 2019. At trial, Officer Vawters of the Houston Police Department Sex Offender Compliance Unit testified that Appellant registered prior to his release from incarceration at TDCJ on July 21, 2015. The pre-release notification form under the Texas Sex Offender Registration Program contained

2

numerous items of information, including a lifetime duty to register, a duty to appear in person seven days after his release at the Houston Police Department to verify and complete his registration, and a duty to report any changes to online identifiers within seven days. Appellant initialed all items on the form and signed the pre-release form on July 21, 2015. Appellant was released from prison on July 28, 2015.

Officer Vawters explained that when a person is registered by the TDCJ, he is registered as a sex offender but must appear after release at his local department to register there. Officer Vawters explained that when the person first appears at his local department, he makes an appointment and "then we do the research, check their background, make sure they have a registrable offense. The guy will show up for his appointment where we'll have all that paperwork done, we're typing it into our database and ask all our questions: Name, date of birth, socials, verify his offenses, fingerprinting, if we don't already have fingerprints."

Officer Vawters testified that Appellant came to the Houston Police Department on August 3, 2015 and signed an Acknowledgement Form for Transfer and DPS Identification. On the form, Appellant provided his post-release address in Houston and was given an appointment for November 2, 2015. Officer Vawters explained that this form exists because "when someone comes in, we don't have any information on them. We need to research it before we can register him. So we have to set him an appointment. This proves what date he showed up in our office, what address he told us he was going to stay at, and like it has the phone number and date of birth on there, then we sign it and we tell him when to come back, then we let him sign it."

Appellant appeared as required for his scheduled appointment on November 2, 2015, which Officer Vawters explained was the first date he could register with the Houston Police Department. Officer Vawters testified that she generated a

registration update form based on Appellant's responses to her questions. Among the questions she asked were inquiries if Appellant has any emails, online identifiers, or social media. Because Appellant stated he did not have an email, Appellant's sex offender update form states "Email: None". Appellant signed this update form. Officer Vawters also filled out another verification of registration form during Appellant's appointment, which included many rules he was required to follow (rules identical to those contained in the form he initialed and signed at TDCJ). Officer Vawters testified that she read and explained the rules to Appellant; Appellant was also given an opportunity to read the rules contained on the form and ask questions about them before initialing next to each rule and signing the form. Among the rules he initialed on the verification of registration was the following: "Change in On-Line Identifiers: Not later than the 7th day, I shall report any changes to online identifiers or establishment of any new online identifier not already included on my registration form to my primary registration authority in the manner prescribed by the authority."

Sergeant Jones of the Houston Police Department Internet Crimes against Children Unit also testified at trial. She stated that on February 25, 2016, as part of an investigation, she went to the residence Appellant had provided as his address on his verification registration forms. In the bedroom where Appellant slept, Sergeant Jones collected a laptop and a cell phone. She also spoke to Appellant at the time she went to the residence. Sergeant Jones recorded her conversation with Appellant and a redacted video thereof was played at trial. During the conversation, Appellant denied having social media on his laptop or cell phone but admitted he had a "Grindr" account and the RodRoot69@gmail.com email address. He also admitted not disclosing his email address to the registration compliance unit officer. He admitted knowing the rule that he was required to register an email address and that

4

the compliance unit officer explained to him that "he'll get in trouble" if he did not disclose his email.

The State presented evidence in the form of a certificate of authenticity from Google certifying that an individual named Rod Root created the RodRoot69@gmail.com email address on August 10, 2015. A digital analyst for the Houston Forensic Science Center testified that he examined Appellant's laptop and cell phone, and his examination revealed that the RodRoot69@gmail.com email address was used on Appellant's cell phone and laptop.

After the State rested its case, Appellant moved for a directed verdict arguing that the State did not and could not prove that he failed to report his email address within 7 days after his release from prison on July 28, 2015, because he did not create his email address until August 10, 2015. The trial court denied Appellant's motion for directed verdict, and Appellant rested.

A charge conference followed, of which part was conducted off the record. During the charge conference, Appellant revisited his motion for directed verdict; the trial court summarized the off the record discussions as follows:

> THE COURT: Off the record for about 15 minutes here, we've been discussing the law in regards to how — how the charging instrument didn't specifically define how the seven-day requirement of registration wasn't complied with. It just said within — it said from seven days in the penal institution, but it didn't say how that could be complied with in any manner other than in the plain language.
>
>          \*                  \*                 \*
>
> THE COURT: So you had revisited your motion for directed verdict in that regard by saying the State is — to use the vernacular — stuck with what they've pled, and since they didn't plead how the seven-day rule was — seven-day requirement wasn't complied with, other than their language of "upon the release from the penal institution," even though it's more specifically defined in the statute, that they are precluded then from arguing anything other than the plain language of

5

your charge, because there was no proof in regard to the plain language of your charge about the release from the penal institution, the directed verdict should be granted, and I've considered that. I don't agree with counsel for the defense, and so I'm maintaining my denial of your motion for directed verdict. Okay.

Now, in regards to that, the State has submitted a proposed charge in regards to section — Code of Criminal Procedure Article — Section 62.051 regarding registration for a sex offender, and this is the proposed charge from the State. I'm going to read it. "A person who is required to register must register not later than the seventh day after the date on which the person is released from the penal institution. The person shall satisfy this requirement by reporting not later than the latter of: (1) the seventh day after the person's arrival in the municipality or county; or (2) the first date the local law enforcement authority of the municipality or county by policy allows the person to register or verify registration, as applicable," and that language comes from Article 62.051, Section (a)(1) and (2).

The trial court asked Appellant to respond to the State's proposed instruction.

Appellant argued as follows:

[DEFENSE COUNSEL]: My response is it would violate notice, it would violate due process because it substantially enlarges the manners in which the State could prove the case. We didn't anticipate them changing the charge at this point in the game. It's essentially an amendment of the indictment, and I don't think that's a proper jury charge.

We would also cite *Curry vs. State*, S.W.3rd 394, 2000, a Court of Criminal Appeals case says, essentially, when it's a statutory issue and they plead a particular manner and means, in which they have in this case, that they are stuck with it. And I think in this particular case —

THE COURT: I don't think this is manner and means. That's where you and I — the Court and you and I disagree. . . . I don't often have the opportunity to read this particular provision of law. It's an often untried area of the law, but I think the way the Court reads it — I don't have any case law offered by the State. But the way I read it is it's a definition of what registering within the seven days means, that there are alternative ways that you can comply with that requirement, not that it's a different manner and means. . . .

6

So, as a result of that, and I know you're objecting to that, I think the jury has to be instructed about what the law is in regards to how registration within seven days of release from the penal institution is defined by the law.

So that said, I'm going to overrule your objection.

*         *         *

[DEFENSE COUNSEL]: And, Your Honor, I just want to put on the record that I'm afraid that this is going to encourage the jury to have the ability to have a fatal variance between what is pleaded and what's proved at trial, and I think that that's essentially what this is, an end run around, is the State's obligation to plead and prove what is in the indictment, and now they are trying to go outside of the indictment and change it. I mean, even if you look at the —

THE COURT: So you've said that, and you've said that very clearly.

[DEFENSE COUNSEL]: I did not say that for the record.

THE COURT: Yes, you have, and what your fear is, is not what the law is. What you fear the jury would do is not the law. What you're saying is it's a different manner and means, and because it's a different manner and means, they cannot change it, that they are stuck with what they put in the indictment, and I'm telling you the Court does not interpret it that way. . . .

[DEFENSE COUNSEL]: And I understand, and I just need to add that the date of the complaint makes it clear that they are not talking about that November date. We're talking about the initial —

THE COURT: August date. You said that, as well.

The State requested the jury charge also include an "on or about" instruction based on its pleading. The trial court included the instruction over Appellant's objection. Appellant requested the court include a mistake-of-law affirmative defense instruction in the charge because the forms Appellant was provided at his November 2, 2015 registration were outdated and had no place for Appellant to initial that he had an email or provide his email address. The trial court included Appellant's requested instruction over the State's objection.

During his closing argument, Appellant focused on the charge's application

7

paragraph which stated that Appellant was required to provide his email address to the local enforcement agency "within seven days after [his] release from the penal institution." Appellant argued "[t]his case is about seven days, seven days from the release from of the penal institution." Appellant insisted he could not have reported an email address that was created more than seven days after his release from prison. Appellant argued the jury could not find him guilty of failing to report an email address within seven days of his release from prison when the email did not exist at that time but was created later.

The State in its closing argument asked the jury to read the application paragraph together with other instructions provided in the charge. In particular, the State argued that the requirement to register not later than the seventh day from the release from a penal institution can be satisfied in two ways: "A person can satisfy that seventh day requirement by reporting not later than the latter of the seventh day, or the first date the local law enforcement authority of the municipality allows the person to register." The State argued that the law allows for the registration requirement to be pushed back to the first day a local law enforcement authority allows a person to register. According to the State, November 2, 2015 was the date the local law enforcement authority allowed Appellant to register and, thus, that was the actual registration date on which Appellant was required to report his email address.

A jury found Appellant guilty and the trial court assessed his punishment at 35 years' confinement. Appellant filed a timely notice of appeal.

### ANALYSIS

Appellant presents the following two issues in his appellate briefing:

1) Whether the District Court reversibly erred in overruling Root's objection that a constructive amendment/variance had been established

8

at the end of trial.

2) Whether the evidence was sufficient to sustain the conviction.

## I.      Legal Sufficiency and Variance

We begin by addressing Appellant's contention that the evidence is legally insufficient to support his conviction in this case in light of his argument that there is a material variance between his indictment and the evidence presented at trial.

### A.      Standard of Review and Governing Law

Due process requires the State to prove every element of a crime beyond a reasonable doubt. *Cada v. State*, 334 S.W.3d 766, 772-73 (Tex. Crim. App. 2011). In a legal sufficiency review, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Ramjattansingh v. State*, 548 S.W.3d 540, 546 (Tex. Crim. App. 2018). "As the Supreme Court recently made clear in *Musacchio v. United States*, a reviewing court's limited determination on sufficiency review does not rest on how the jury was instructed." *Ramjattansingh*, 548 S.W.3d at 546 (citing *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016)). Rather, a sufficiency challenge "'should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction.'" *Id*. (quoting *Musacchio*, 136 S. Ct. at 715).

The Court of Criminal Appeals "set forth the modern Texas standard" for ascertaining what the elements of the charged crime are in *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). *Id*. Thus, to determine whether the State has met its burden to prove a defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge for the case to the evidence adduced at trial. *See Thomas v. State*, 444 S.W.3d

9

4, 8 (Tex. Crim. App. 2014); *Malik*, 953 S.W.2d at 240. A hypothetically correct jury "charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

The "law as authorized by the indictment" means the statutory elements of the offense as modified by the charging instrument. When a Texas statute lists more than one method of committing an offense or more than one definition of an element of an offense, and the indictment alleges some, but not all, of the statutorily listed methods or definitions, the State is limited to the methods and definitions alleged. *Ramjattansingh*, 548 S.W.3d at 547; *Thomas*, 444 S.W.3d at 8; *see also Cada*, 334 S.W.3d at 773-74. The State may not rely on any other statutorily listed methods or definitions it did not plead in the indictment. *Thomas*, 444 S.W.3d at 8; *Cada*, 334 S.W.3d at 773-74. Although a hypothetically correct jury charge does not necessarily have to exactly track all of the allegations in the indictment, whether an unproved allegation is to be included in the hypothetically correct jury charge is determined by whether or not the variance between the allegation and proof is "material." *Ramjattansingh*, 548 S.W.3d at 547-48.

A "variance" occurs when there is a discrepancy between the allegations in the indictment and the proof offered at trial. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011); *see also Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). There are two types of variances in a legal sufficiency analysis: material variances and immaterial variances. *Thomas*, 444 S.W.3d at 9. Immaterial variances do not affect the validity of a criminal conviction, and a hypothetically correct jury charge need not incorporate allegations that would give rise to only immaterial variances. *Id*. But a "material" variance, one that prejudices a

10

defendant's substantial rights, will render the evidence insufficient. *Ramjattansingh*, 548 S.W.3d at 547. This happens when the charging instrument, as written, (1) fails to sufficiently inform the defendant of the charge against him to allow him to prepare an adequate defense at trial, or (2) subjects the defendant to the risk of being prosecuted later for the same crime.

The Court of Criminal Appeals has recognized three different categories of variance:

(1) a statutory allegation that defines the offense, which is either not subject to a materiality analysis, or, if it is, is always material; the hypothetically correct jury charge always will include the statutory allegations in the indictment;

(2) a non-statutory allegation that is descriptive of an element of the offense that defines or helps define the allowable unit of prosecution, which is sometimes material; the hypothetically correct jury charge sometimes will include the non-statutory allegations in the indictment and sometimes will not;

(3) a non-statutory allegation that has nothing to do with the allowable unit of prosecution, which is never material; the hypothetically correct jury charge will never include the non-statutory allegations in the indictment.

*Id*. In a sufficiency review, courts "tolerate variances as long as they are not so great that the proof at trial 'shows an entirely different offense' than what was alleged in the charging instrument." *Id*. A material variance renders a conviction infirm, and the only remedy is to render an acquittal. *Thomas*, 444 S.W.3d at 9.

## B. Application

The question here is whether the evidence is legally sufficient to support Appellant's conviction when (1) the indictment required the State to prove that

Appellant failed to provide the identification of any online identifier established by him within seven days after his release from the penal institution on July 28, 2015, and (2) the evidence showed that Appellant had not established an online identifier within seven days after his release (and therefore could not provide a nonexistent online identifier). The State asserts the evidence is legally sufficient to prove Appellant failed to report an online identifier not later than the seventh day after his release because (1) the requirement to register not later than the seventh day after a defendant is released from a penal institution can be satisfied (and the jury charge instructed so) "by reporting not later than the later of . . . the seventh day after the [defendant]'s arrival in the municipality or county; or . . . the first date the local law enforcement authority of the municipality allows the [defendant] to register or verify registration"; and (2) the State showed that Appellant established his online identifier on August 10, 2015, but failed to provide it the first day the local law enforcement authority allowed him to verify his registration on November 2, 2015.

In determining whether the evidence was legally sufficient to support Appellant's conviction, we address the hypothetically correct jury charge for this case.

Appellant was charged with violating article 62.051(f), which provides:

Not later than the seventh day after the date on which the person is released, a person for whom registration is completed under this chapter shall report to the applicable local law enforcement authority to verify the information in the registration form received by the authority under this chapter. The authority shall require the person to produce proof of the person's identity and residence before the authority gives the registration form to the person for verification. If the information in the registration form is complete and accurate, the person shall verify registration by signing the form. If the information is not complete or not accurate, the person shall make any necessary additions or corrections before signing the form.

Tex. Code Crim. Proc. Ann. art. 62.051(f).  Following the statutory language in article 62.051(f), the indictment in this case states:

> RODNEY LEE ROOT, hereafter styled the Defendant, heretofore on or about August 5, 2015, did then and there unlawfully, while a person with a reportable conviction for the offense of Possession of Child Pornography, and while knowing that he was subject to registration under the Texas sex offender registration program, and after not having provided the identification of any online identifier established or used by the defendant on the registration form, fail to timely report in person to the local law enforcement agency, namely, the City of Houston Police Department, and provide the online identifier that had been established by the defendant, namely RodRoot69@gmail.com, by failing to provide said information to said local law enforcement agency within seven days after the Defendant's release from the penal institution.

Thus, the indictment required the State to prove that Appellant failed to provide the identification of any online identifier he established within seven days after his release from the penal institution on July 28, 2015.  The actual jury charge allowed the jury to find Appellant guilty if the State proved that Appellant failed to report his online identifier "not later than the later of:  (1) the seventh day after the person's arrival in the municipality or county; or (2) the first date the local law enforcement authority of the municipality allows the person to register or verify registration, as applicable."[1]

However, the hypothetically correct jury charge for a violation of article 62.051(f) as alleged in this case requires proof of Appellant's failure to provide the identification of any online identifier he established *within seven days after his release from the penal institution* on July 28, 2015.  The hypothetically correct jury charge does not allow the State to prove noncompliance with the statutorily

---

[1] These two time frames set out in the jury charge are found in article 62.051(a)(1) and (2).  *See* Tex. Code Crim. Proc. Ann. art. 62.051(a)(1), (2).

mandated time element by expanding the time frame beyond the "seven days after the Defendant's release from the penal institution" on July 28, 2015 to November 2, 2015 — "the first date the local law enforcement authority of the municipality allows the person to register or verify registration" as provided for in article 62.051(a)(2). Extra language (specifically adding statutory elements from section 62.051(a)(1) and (2) that are not contained in the indictment) is the kind of material variance that fits in the first category of variance. The additional language in the charge given to the jury are statutory allegations found in article 62.051(a)(1) and (2), but the State never made these statutory allegations in its charging instrument and therefore failed to provide constitutionally-mandated notice to Appellant. Appellant objected at trial on fatal variance grounds and argued that he only had notice as provided in the State's indictment to prepare his defense.

The hypothetically correct jury charge cannot include any statutory elements found in other sections of the statute but not alleged in the indictment. *See Cada*, 334 S.W.3d at 773-74. The hypothetically correct jury charge may only include those statutory elements that the State actually alleged in the indictment. *See id.* ("before something may be an element of the offense in the hypothetically correct jury charge, it must be 'authorized by the indictment'"). Therefore, the hypothetically correct jury charge for this case for the violation of article 62.051(f) would only contain statutory allegations as stated in the charging instrument and require proof of Appellant's failure to provide the identification of any online identifier he established *within seven days after his release from the penal institution* on July 28, 2015.

Having set forth the hypothetically correct jury charge for the present case, we next explain why we conclude the evidence in the record, viewed in a light most favorable to the verdict, is insufficient to permit a rational factfinder to have

determined that Appellant violated article 62.051(f). As clarified above, the State was required to prove that Appellant failed to provide his online identifier to local law enforcement within seven days after his release from the penal institution. Appellant was released from the penal institution on July 28, 2015. He did not create his online identifier until August 10, 2015. Therefore, it was impossible for him to inform local law enforcement of his online identifier until August 10, 2015, which is 13 days after his release from the penal institution. The State did not and could not prove that Appellant failed to provide his email address within seven days of his release —at the latest on August 4, 2015— when he did not establish his email address until August 10, 2015. *Id.*

"Under *Jackson*, the State must prove the statutory elements that it has chosen to allege, not some other alternative statutory elements that it did not allege." *Cada*, 334 S.W.3d at 776. Here, a material variance exists between the statutory allegations in the indictment and the proof, rendering the evidence insufficient to sustain Appellant's conviction. Appellant properly requested a directed verdict arguing that the State did not and could not prove that he failed to report his email address within seven days after his release from prison on July 28, 2015, because he did not create his email address until August 10, 2015. *See id*. at 774. Appellant is correct that the evidence is legally insufficient to prove an essential element of the offense under *Jackson v. Virginia* and he was therefore entitled to an acquittal. *See id*.

Accordingly, we sustain Appellant's legal sufficiency challenge.[2]

## CONCLUSION

We reverse the trial court's judgment and render the judgment the trial court should have rendered, an acquittal, because the evidence is legally insufficient to

---

[2] In light of our disposition, we need not address Appellant's constructive amendment argument. *See* Tex. R. App. P. 47.1.

prove Appellant failed to report his email address to law enforcement within seven days after his release from the penal institution. *See* Tex. R. App. P. 43.2(c).


/s/    Meagan Hassan
Justice


Panel consists of Justices Zimmerer, Spain, and Hassan.
Publish — Tex. R. App. 47.2(b).